**In re Marc J. SHEPCARO, Debtor.**

**Bankruptcy No. 90–11282–WCH.**

United States Bankruptcy Court,
D. Massachusetts, E.D.

Aug. 20, 1992.

Leonard M. Krulewich, Boston, Mass., for debtor.

Mr. and Mrs. Arthur Kenson, pro se.

### DECISION ON CONFIRMATION OF PLAN

WILLIAM C. HILLMAN, Bankruptcy Judge.

The matter before the Court presents issues which have not yet been definitively determined in this forum, particularly the application of the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii), and the possible availability of a new value exception to that rule.

#### The plan

The plan provides for payments as follows:

1. *Administration Expenses.* To be paid in full on the effective date.
2. *Priority claims.* To be paid in quarterly installments over two years.
3. *Secured claims.* To be paid in accordance with the terms of their notes or as otherwise agreed, outside of the plan.
4. *General unsecured claims.* It is proposed to pay these claimants 20%, half on the effective date and half one year later.

Although a majority in number of the general unsecured claims supported the plan, 88% in amount voted against it. This results from the fact that one creditor represents 77% of the class and voted to reject.

The plan further provides that the debtor would retain real estate and items of personal property valued at $338,732, but with an aggregate equity of only $8,649.85 over encumbrances. He would also contribute approximately $84,700 to the plan in cash in exchange for that interest, a bit more than half on the effective date and the balance a year later to make the second payment to the unsecured creditors.

It seems clear that there would be no dividend to general creditors if the estate were liquidated. The requirements of 11 U.S.C. § 1129(a)(7)(A) are satisfied.

Debtor's claim specifically demands a cramdown of the rejecting class.

### Discussion

This plan can be confirmed only if debtor can satisfy the triple requirements of 11 U.S.C. § 1129:

1. At least one impaired class has accepted the plan;
2. The plan does not discriminate unfairly; *and*
3. The plan is fair and reasonable.

The first requirement has been satisfied by the treatment of the other classes; the issue is to be resolved on the basis of discrimination, fairness, and reasonableness.

Discrimination is not an issue, as there are no two classes with similar legal claims. *See 5 Collier, Bankruptcy* § 1129.03 (15th ed. 1991).

The latter issue requires consideration of 11 U.S.C. § 1129(b)(2)(B)(ii), which, as relevant here, provides:

(2) ... the condition that a plan be fair and equitable with respect to a class includes the following requirements.

....

(B) With respect to a class of unsecured claims—

....

(ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan of such junior claim or interest any property.

It is manifest that debtor's plan fails the plain language of the statutory test. The interest in property which debtor would retain has some value. *See Norwest Bank v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). The plan cannot be confirmed unless an exception to the statute can be found in case law.

Debtor turns, as he must, to the so-called "new value exception" which would allow the retention of property proposed in the plan where the debtor makes a fresh contribution in money or money's worth, reasonably equivalent to the property retained. *Case v. Los Angeles Lumber Products Co.*, 308 U.S. 106, 121–22, 60 S.Ct. 1, 10, 84 L.Ed. 110 (1939). If the exception exists, debtor's contribution of cash, which exceeds the value of the retained equity, would satisfy its requirements.

In truth, the new value exception is not an exception at all. It is an independent rule that

the contribution of new capital in money or money's worth, in return for a future participation in an enterprise which is reasonably equivalent to the contribution, simply does not violate the absolute priority rule.

*In re Woodscape L.P.*, 134 B.R. 165, 173 (Bankr.D.Md.1991).

Stated another way, just as the plan could call for the sale of the residual interest in the estate assets to a third party for fair consideration, the current owner, by paying that amount, may purchase/retain the property interest.

Whether the exception or rule exists under the Bankruptcy Code was expressly left open by the Supreme Court in *Norwest Bank v. Ahlers, supra.*

Chief Judge Queenan faced this issue in *In re Bjolmes Realty Trust*, 134 B.R. 1000 (Bankr.D.Mass.1991). His extensive discussion of the background and authorities need not be repeated. The Court joins in his conclusion that

the fresh contribution exception remains in the law under § 1129(b).... § 1129(b)(2)(B)(ii) is perfectly consistent

with the exception. Its prohibition is only against receipt or retention of property "on account of" a stock interest. Receipt or retention of stock in consideration of a fresh capital contribution may be considered to be "on account of" the contribution and not the pre-existing stock interest.

134 B.R. at 1000.

Having adopted the *Bjolmes* rule in this regard, the Court finds that the proposed plan is capable of confirmation.

The Court accepts debtor's offer of proof as to the other requirements of § 1129.

An appropriate order will enter.